# IN THE
## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND
#### NORTHERN DIVISION

ooOoo

CHRIS S. BROWN, Individually and as the Mother and     *
Next Friend of "CB"
3947 Carthage Road     *
Randallstown, MD 21133,

    *

        *Plaintiff,*

    *

        *v.*     *

P/O JAMES DAVID LABOARD, #4813     *
Individually and in his Official Capacity as a
Baltimore County Police Officer,
3900 SUSANNA ROAD     *         JUDGE:
RANDALLSTOWN, MD 21133,

    *

CHIEF OF POLICE JAMES JOHNSON,
In Individually and his Official Capacity as Chief of     *
Police, Baltimore County Police Department
Public Safety Building     *         CIVIL ACTION NO.:
700 Joppa Road
Towson, MD 21204,     *

BALTIMORE COUNTY, MARYLAND     *
Historic Courthouse
400 Washington Avenue     *
Towson, MD 21204,

    *

        <u>SERVE ON</u>:
        HON. MICHAEL E. FIELD, County Attorney     *
        Historic Courthouse
        400 Washington Avenue     *
        Towson, MD 21204,

    *

and

    *

BALTIMORE COUNTY POLICE DEPARTMENT,
Public Safety Building     *
700 East Joppa Road

Towson, MD 21204,     *

1

SERVE ON:                  *

HON. MICHAEL E. FIELD, County Attorney

Historic Courthouse                *

400 Washington Avenue

Towson, MD 21204,                *

       *Defendants.*                 *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Plaintiff, Chris S. Brown, Mother and Next Fried of "CB," by the undersigned

attorneys, Russell A. Neverdon, Sr., *Esq.*, and the LAW OFFICES OF RUSSELL A. NEVERDON,

SR., LLC, moves the Court to enter judgment in her favor against the Defendants, P/O James

David Laboard, shield number 4813, Chief of Baltimore County Police Department, James Johnson,

Baltimore County, Maryland and the Baltimore County Police Department.  I

In support of her Complaint, the Plaintiff states:

     **I.**

### NATURE OF ACTION AND JURISDICTION

1.      This is a civil action under 42 U.S.C. § 1983 seeking compensatory and punitive

damages against all Defendants for committing acts under color of law, the intent and purpose of

which was to deprive and/or deny "CB" (deceased) ("CB," "Decedent," "Mr. Brown," "Decedent

Brown," and/or the "Plaintiff's Decedent), of those inalienable rights secured to him by the

Constitution of the United States, Articles 24 and 26 of the Maryland Declaration of Rights and for

failing and/or neglecting to prevent said denials and deprivations.

2.      This case arises under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, *as amended*, the

Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to Constitution and the

laws of the State of Maryland.  The Plaintiff invokes the supplemental jurisdiction of this Court to

adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over

the subject matter and parties pursuant to 42 U.S.C. §§ 1981, 1983, 28 U.S.C. §§ 1331, 1343(a)(3)

and (a)(4). Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201, 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure. The amount in controversy exceeds $75,000.00.

3.     The Plaintiff brings this action to recover damages incurred due to the death of "CB" caused by Defendant Laboard in violation of the following civil rights, privileges, and immunities secured to Decedent Brown by the United States Constitution, laws of the United States and Maryland Declaration of Rights: (a) the right to enjoy security of the person and to be free from arrest, except upon probable cause, supported by oath or affirmation (Fourth Amendment, Article 26 Maryland Declaration of Rights); (b) the right to be informed of the true nature and cause of any allegations/accusations against him or her (Sixth Amendment); (c) the right to be free from unreasonable search and seizure (Fourth Amendment); (d) the right to be free and not to be deprived of liberty without due process of law (Fifth and Fourteenth Amendments, Article 24 Maryland Declaration of Rights); (e) the right to free from intentional use of unnecessary, unreasonable and excessive force, *e.g.*, cruel and unusual punishment (Eighth Amendment); (f) the right to associate and speak freely (First Amendment); (g) access to the courts to seek redress and all rights reserved to Decedent "CB" pursuant to the Constitution of the United States (Ninth and Tenth Amendments); and (h), the right to have and enjoy equal protection under law (Fourteenth Amendment).

4.     This Court is appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). The events, omissions and/or unlawful actions complained of occurred in this juridical district; evidence, police records and documents relevant to the allegations are maintained in this judicial district; Decedent "CB" would be alive and living in this judicial district but for the unlawful actions and practices of the Defendants; and the Baltimore County Police

Department and Baltimore County, Maryland, are present and regularly conducted operations in this judicial district.

II.

**PARTIES**

      5.      The Plaintiff, Chris S. Brown ("Ms. Brown"), at all times relevant, is/was a citizen of the United States and a resident of Randallstown, Baltimore County, Maryland.

      6.      Defendant Baltimore County, Maryland ("Baltimore County"), is a municipal corporation duly authorized under the laws of the State of Maryland pursuant to Section 102 of its Charter. Baltimore County is the public employer of the police officers named as individual defendants in this lawsuit. Baltimore County is authorized under the laws of the State of Maryland to maintain a police department, *to wit*, the Baltimore County Police Department, which acts as its agent with regard to carrying out law enforcement operations within the territorial boundaries of Baltimore County and for which law enforcement operations Baltimore County is ultimately responsible. Baltimore County assumes the risks incidental to the funding, operation and maintenance of its police department, including, the employment and conduct of its police officers. Baltimore County and its Baltimore County Police Department hired, employed, trained, supervised and controlled the police officer named as individual defendants in this lawsuit.

      7.      Defendant Baltimore County Police Department ("BCPD"), conducts police/law enforcement operations within the territorial boundaries of Baltimore County, Maryland. The BCPD is an agency of Defendant, Baltimore County, Maryland. Defendant Baltimore County, Maryland has oversight responsibility, authority and control over the BCPD and is liable for unlawful actions committed by BCPD officials and personnel, acting within the scope of their employment in furtherance of the interests of the BCPD and Baltimore County, Maryland under the doctrine of *respondeat superior*.

8. Defendant James David Laboard, shield number 4813 ("Laboard"), was at all times relevant to this lawsuit, a duly appointed police officer, employee, and agent of the BCPD, a municipal agency of Defendant Baltimore County. Laboard is being sued in his individual and official capacities.

9. Defendant James Johnson ("Johnson"), is/was the Chief of Police of the Baltimore County Police Department. Johnson was responsible for day-to-day oversight of police/law enforcement operations/activities conducted by the BCPD, including, but not limited to, recruitment, supervision, training and discipline of BCPD police officers and supporting personnel.

10. At all times relevant, defendants Laboard and Johnson acted under color of state law during and throughout the course and scope of their official duties, responsibilities and functions as agent(s), employee(s) and police officer(s) acting on behalf of, and in furtherance of the interests of Defendant Baltimore County and/or the BCPD while engaging in the acts and conduct as described herein. At all times relevant, the individual Defendants acted on behalf of Baltimore County and/or the BCPD, using the powers and authorities invested in them as police officers, agents and/or employees of Baltimore County and/or the BCPD as may purported as incident to the lawful pursuit of their official duties and responsibilities as police officers, employees and/or agents of Baltimore County and/or the BCPD. At all times relevant, Laboard and Johnson acted under color of law, pursuant to statutes, ordinances, regulations, rules, customs, and/or usages derived from the laws of the State of Maryland and Baltimore County, Maryland.

III.

### TORT CLAIM NOTICE

11. That on or around July 6, 2012, in accordance with the Local Government Tort Claims Act ("LGTCA"), MD. CODE ANN., *Courts & Judicial Proceedings Art.*, § 5-301(d), proper and timely notice of potential claims by the Plaintiff against Laboard, Johnson, Baltimore County, and

the Baltimore County Police Department was provided to Johnson, Baltimore County, Maryland and the BCPD.

12.     That on or around August 10, 2012, Baltimore County acknowledged receipt of the aforesaid notice.

## IV.

## FACTUAL AND GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

13.     On June 13, 2012, around 10:30 p.m., "CB," age 17, was walking outdoors, not too far from his home, located at 3947 Carthage Road, Randallstown, Baltimore County, MD 21133. Mr. Brown often walked throughout his neighborhood because he had recently sustained a meniscus tear to his knee and had surgery performed to repair the damage. Following his operation, Mr. Brown walked through the neighborhood in an attempt to rehabilitate and strengthen his leg. On this particular night, Mr. Brown happened to see some of his friends gathered while walking and just as he was walking toward them, there was a noise. Immediately the group of teens, except for "CB," started running in different directions.

14.     Due to his leg injury, "CB" was wearing a knee brace and was unable to run freely. Instead of attempting to run away, he tried to hide out in some nearby bushes. That when Mr. Brown's friends realized he was not with them, one of them called his cellular telephone to see if he was okay. That the cell phone's ringtone disclosed Mr. Brown's hiding location.

15.     Upon hearing a noise, Laboard went outside his home, located in the 3900 block of Susanna Road, Randallstown, MD 21133, to see what happened. On information and belief, a rock or some other object may have been thrown at Laboard's house as a prank, made the noise and may have caused minor damage to Laboard's house, Laboard immediately began searching for person or persons he thought were responsible for throwing the rock or object.

16. On information and belief, Laboard became angry while he was searching; upon being alerted by the sound of Mr. Brown's ringing cell phone, Laboard located "CB" and dragged him out of his hiding place in the bushes. Laboard repeatedly then beat and punched "CB" with his fists before placing "CB" in an improper headlock/chokehold until "CB" succumbed and stopped breathing. The amount of force used by Laboard to restrain "CB" was lethal, unjustified, unnecessary, unreasonable, and excessive. At no time during the events as described above did Laboard have probable cause to arrest and/or detain "CB" and there was no legal cause or excuse for Mr. Brown's seizure by Laboard.

17. At approximately 10:34 p.m., a 911 call for assistance was made from 4006 Starbrook Road, Randallstown, MD 21133. The caller advised the 911 operator a man was in her front lawn lying on top of another man and asked her to call 911 for assistance. An ambulance was dispatched, arrived on the scene, administered CPR and transported "CB" to Northwest Hospital. However, due to the severity of his injuries, "CB" was pronounced dead at approximately 11:17 p.m., by an ER physician.

18. Before the ambulance arrived, "CB" suffered prolonged physical trauma, agony, post-injury conscious pain and suffering and pre-death terror, before dying, as reported by the Office of the Chief Medical Examiner: **"cause of death-asphyxiation, manner of death-homicide"** (emphasis added).

19. The acts and conduct of Laboard were committed under color of law pursuant to statutes, rules, customs, ordinances, training, official policies and/or usages of the BCPD and Baltimore County; at all times relevant, Laboard acted with malice, in bad faith, and with reckless disregard for Mr. Brown's constitutional rights, welfare and well-being.

20. The acts and conduct of Laboard violated, deprived and/or denied "CB" of his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United

States and Articles 24 and 26 of the Maryland Declaration of Rights and were the direct and proximate cause of the physical and psychological injuries "CB" suffered.

21.    The acts and conduct of Laboard were committed within the scope of his employment and authority and for whose acts and conduct the BCPD and Baltimore County are liable under the doctrine of *respondeat superior*.

22.    The acts of Laboard as set forth herein, were the result of the Baltimore County Police Department's failure to properly train, supervise and discipline its police officers, including, Defendant Laboard.  The failure to properly train, supervise and discipline is a consequence of the deliberate policies and practices implemented against young African Americans by the Defendant Baltimore County and its BCPD.

23.    The policies and practices of Baltimore County as alleged herein were in part responsible for the conduct and acts of Laboard.

24.    At all relevant times herein, Defendant Baltimore County, acting through its BCPD, developed, implemented, enforced, encouraged and sanctioned *de facto* policies, practices, and/or customs exhibiting deliberate indifference to Decedent Brown's constitutional rights, because of his status as a young African American male which caused the violation of his rights.

25.    The conduct and acts of Laboard as set forth herein, were the proximate result of Defendant Baltimore County, acting through its BCPD, policies, practices and/or customs as developed, implemented, enforced, encouraged and sanctioned by Baltimore County, including, the failure: (a) to adequately supervise, train and discipline its police officers and agents, including, the individual Defendants; Baltimore County thereby failed to prevent constitutional violations from being committed by its police officers; (b) to properly and adequately monitor its police officers, including, Laboard; and (c) to adequately and properly investigate citizen complaints of police misconduct; rather, constitutional violations and misconduct by BCPD police officer were routinely

tolerated by Baltimore County.

26.     Upon information and belief, Defendant Baltimore County, acting

through its BCPD, developed, implemented, enforced, encouraged and/or sanctioned a

*de facto* policy, practice, and/or custom, of unlawfully interfering with, harassing and/or arresting,

without reasonable suspicion and/or probable cause, specifically young African American males,

such as "CB," who exercised their rights under the First Amendment to assemble peacefully.


27.     Defendants have acted with deliberate indifference to the constitutional rights of

Plaintiff's Decedent. As a direct and proximate result of the acts as stated herein by each of the

Defendants, the Plaintiff Decedent's constitutional rights were violated which has caused Plaintiff(s)

to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and

embarrassment.


28.     The Plaintiff has no adequate remedy at law and will suffer serious and

irreparable harm to her constitutional rights unless Defendants are enjoined from

continuing their unlawful policies, practices, and/or customs which have directly and

proximately caused such constitutional abuses.

29.     As a direct and proximate result of Laboard's acts and conduct, Decedent Brown

suffered a horrific death with extreme pain and suffering before he died.  Plaintiff Chris S. Brown

has suffered depression, severe emotional distress, mental anxiety and continues to experience said

symptoms and has developed an immense mistrust and apprehension about the BCPD.

### V.

### FIRST CLAIM FOR RELIEF
#### 42 U.S.C. § 1983
#### (First, Fourteenth Amendment Violations)

30.     The allegations in Paragraphs 1-29 are hereby re-alleged and incorporated by

reference as though fully set forth herein.

31.     The willful and malicious actions committed by Laboard against Decedent "CB" were unlawful, contemptuous, abusive, and are prohibited acts against citizens of the United States pursuant to the laws of the United States and the United States Constitution.

32.     The acts and conduct of Laboard were committed while acting under color of law pursuant to the ordinances, rules, regulations, statutes, customs and usages of Baltimore County, Maryland, and the State of Maryland.

33.     The recited acts and conduct of Laboard were intended to deprive or deny Decedent Brown of the following rights secured to "CB" by the United States Constitution and the laws of the United States: (a) the right to enjoy security of the person and to be free from arrest, except upon probable cause, supported by oath or affirmation (Fourth Amendment); (b) the right to be informed of the true nature and cause of any allegations/accusations against him or her (Sixth Amendment); (c) the right to be free from unreasonable search and seizure (Fourth Amendment); (d) the right not to be deprived of liberty without due process of law (Fifth and Fourteenth Amendments); (e) the right to be free from unnecessary, unreasonable and excessive police force, *e.g.*, cruel and unusual punishment (Eighth Amendment); (f) all rights reserved to Decedent Brown pursuant to the Constitution of the United States (Ninth and Tenth Amendments); and (g), the right to have and enjoy equal protection under law (Fourteenth Amendment).

34.     The Plaintiff claims damages for the injuries set forth above.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Unreasonable and Excessive Force)

35.     The allegations in Paragraphs 1-34 are hereby re-alleged and incorporated by reference as though fully set forth herein.

36.     By his conduct under color of law, Defendant Laboard deprived "CB" of his

10

constitutional right to be free from the use of excessive and unreasonable force.

37. The Plaintiff claims damages for the injuries set forth above.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (False Arrest and False Imprisonment)

38. The allegations in Paragraphs 1-37 are hereby re-alleged and incorporated by reference as though fully set forth herein.

39. By his conduct under color of law, Defendant Laboard deprived "CB" of his constitutional right to be free from false arrest and false imprisonment.

40. The Plaintiff claims damages for the injuries set forth above.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Denial of Medical Treatment and Failure to Protect While in Police Custody)

41. The allegations in Paragraphs 1-40 are hereby re-alleged and incorporated by reference as though fully set forth herein.

42. By his conduct and under color of law, Defendant Laboard acted with malicious or at least deliberate indifference by failing to protect "CB" from violence while in police custody and by failing to secure the medical attention required for his serious injuries, in a manner that deprived him of his constitutional rights and perpetuated and exacerbated his physical and mental pain and suffering.

43. The Plaintiff claims damages for the injuries set forth above.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (First and Fourteenth Amendment Violations)

44. The allegations in Paragraphs 1-39 are hereby re-alleged and incorporated by reference as though fully set forth herein.

45. By their conduct and under color of law, Laboard and Johnson deprived "CB" of his

First and Fourteenth Amendment rights to have access to and seek redress in the courts and conspired with one another to cover up the truth about Mr. Brown's death, Laboard and Johnson are liable for violating 42 U.S.C. § 1983, which prohibits the such deprivation under color of state law of rights secured to U.S. citizens under the United States Constitution.

46.    The Plaintiff claims damages for the injuries set forth above.

## SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1985(3)
### (Conspiracy with Racial Animus)

47.    The allegations in Paragraphs 1-46 are hereby re-alleged and incorporated by reference as though fully set forth herein.

48.    The individual defendants, Johnson and Laboard, under color of law, conspired with each other and with the BCPD, to undertake a course of conduct to target, injure, oppress, threaten, and intimidate young African American males, such as "CB," from the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution.

49.    The conduct of the defendants, Laboard and Johnson, was motivated by racial animus and their desire to injure, oppress, threaten, and intimidate "CB" because of his race, African-American.

50.    On information and belief, defendants Laboard and Johnson's racial animus was expressed during racially insulting remarks directed at "CB."

51.    On information and belief, it was part of the conspiracy that defendant Laboard Johnson did, among other acts, physically assault "CB" while his hands were cuffed behind his back and while he was in police custody.

52.    In furtherance of the conspiracy, and to conceal the crimes and misconduct of

12

Laboard, defendant Johnson engaged in a cover up.

53.  The Plaintiff claims damages for the injuries set forth above.

### SEVENTH CLAIM FOR RELIEF
#### 42 U.S.C. § 1985(3)
#### (Conspiracy to Hinder Provision of Equal Protection)

54.  The allegations in Paragraphs 1-53 are hereby re-alleged and incorporated by reference into Count Seven as though fully set forth herein.

55.  Defendants Laboard and Johnson conspired with each other and with the BCPD for the purpose of hindering and preventing the constituted authorities of the State of Maryland from securing and providing "CB" equal protection of the laws.

56.  In furtherance of the conspiracy, and to conceal the crimes and misconduct of Laboard, defendants Laboard, Jonson and BCPD engaged in a cover up.

57.  On information and belief, among the actions taken in furtherance were false statements made to internal affairs investigators; abdication of police officers' legal duty to report incriminating evidence to proper authorities, a practice condoned by defendant BCPD; attempting to intimidate and defame witnesses and those who did report to Internal Affairs; and directly and indirectly discouraging Mr. Brown's family members from testifying.

58.  The Plaintiff claims damages for the injuries set forth above.

### EIGHTH CLAIM FOR RELIEF
#### 42 U.S.C. § 1985(2)
#### (Conspiracy to Impede Due Course of Justice)

59.  The allegations in Paragraphs 1-58 are hereby re-alleged and incorporated by reference as though fully set forth herein.

60.  Defendants Laboard and Johnson conspired, along with the BCPD, to impede the due course of justice in the State of Maryland, with the intent of denying "CB" the equal protection of the laws.

13

61.     The Plaintiff claims damages for the injuries set forth above.

## NINTH CLAIM FOR RELIEF
### 42 U.S.C. § 1986
### (Action for Neglect to Prevent)

62.     The allegations in Paragraphs 1-61 are hereby re-alleged and incorporated by reference as though fully set forth herein.

63.     On information and belief, defendants Baltimore County and BCPD had knowledge that a 42 U.S.C. § 1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

64.     With reasonable diligence, defendants Baltimore County and the BCPD should have promptly reported the brutality to federal authorities and/or to duly authorized State of Maryland investigators. Their failure contributed to Mr. Brown's suffering gratuitously before he died.

65.     If defendants Baltimore County and the BCPD complied with the law and furnished truthful information to authorities investigating police brutality complaints, the § 1985(3) conspiracy may have succeeded to the extent that it was intended.

66.     The Plaintiff claims damages for the injuries set forth above.

## TENTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Supervisor Liability)

67.     The allegations in Paragraphs 1-66 are hereby re-alleged and incorporated by reference as though fully set forth herein.

69.     Defendant Johnson, at all relevant times, had supervisory authority over the BCPD, including, responsibility for the training, instruction, supervision, and discipline of BCPD police officers

70.     On information and belief, it is believed that defendants Johnson and/or BCPD

14

received complaints about the conduct of Laboard and other police officers, knew about past complaints, aberrant behavior, and disciplinary infractions, or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed a pervasive and unreasonable risk of harm to "CB" and to the general public.

71.     These defendants knew, or in the exercise of due diligence could have known, that the conduct of Laboard against "CB" was likely to occur.

72.     On information and belief it is believed that defendants Johnson and BCPD failed to take preventative and remedial measures to guard against the brutality and cover up committed by Laboard.  If defendants Johnson and BCPD had taken appropriate supervisory action, "CB" would not have been killed.

73.     On information and belief, Johnson and the BCPD received a number of complaints concerning excessive use of force on civilians by BCPD police officers.

74.     On information and belief, Johnson and the BCPD failed to take effective corrective or disciplinary action against Laboard, who had been charged in a criminal proceeding in an unsuccessful attempt to help defendant Laboard— who remained on the force.  The failure of these individual defendants to supervise and discipline Laboard amounted to gross negligence, deliberate indifference, or intentional misconduct which directly caused the deprivations suffered by "CB."

75.     The Plaintiff claims damages for the injuries set forth above.

### ELEVENTH CLAIM FOR RELIEF
**42 U.S.C. § 1983**
**(Failure to Train)**

76.     That the allegations in Paragraphs 1-75 are hereby re-alleged and incorporated by reference into as though fully set forth herein.

77.     Defendant, Johnson, as Chief of Police of the Baltimore County Police Department, while acting under the color of law, statutes, customs, ordinances, official policies and usages of the

Baltimore County Police Department and Baltimore County Maryland, was at all times acting in furtherance of his duties as Police Chief and violated the Plaintiff's, Decedent Brown's, civil rights, privileges and immunities secured to the Plaintiff, "CB," by the Constitution and laws of the United States, specifically, (a) the right not to be deprived of liberty, without due process of law (Fifth and Fourteenth Amendments); and (b), the right to have and enjoy equal protection under law (Fourteenth Amendment).

78.     Defendant Johnson had a duty to establish a citizen complaint process to review, identify, investigate and discipline, when appropriate, Baltimore County police officers, who are alleged to be involved in wrongful conduct including, but not limited to, police brutality, abusive language, excessive and/or unreasonable force.

79.     Defendant Johnson, has, with reckless disregard of the consequences, failed to adequately train and/or supervise his subordinate, defendant Laboard, in the use of deadly/lethal force, e.g., the use of strangulation/chokeholds and such lack of training and/or supervision caused the deprivation of liberty and freedom of Plaintiff Decedent/victim, "CB."

80.     Defendant Johnson by and through his practices, polices and customs has acted with willful indifference and with reckless disregard for the rights and safety of the Plaintiff's Decedent/victim, "CB," and upon information and belief, the Plaintiff alleges Johnson failed to adequately accept, review, investigate and follow-up on informal or formal complaints that were either received by the Baltimore County Police Department about individual police officers such as Laboard, and/or Johnson denied members of the public the ability to complete a complaint, and, those complaints actually received, were used for retaliation/targeting purposes.

81.     Defendant, Johnson encouraged, acquiesced and/or approved Laboard's use of excessive and unreasonable deadly force when effectuating an arrest, by permitting Laboard to remain in active service, or in the alternative, as a member of the Baltimore County Police

16

Department when it was widely known that Laboard had used excessive and unreasonable force, based upon prior incidents and contacts with the citizens of Baltimore County, Maryland.

82. Defendant Johnson failed to adequately train and supervise Laboard in use of deadly force when investigating a crime, apprehending a suspect and/or while effectuating an arrest.

83. Defendant Johnson, by his actions or omissions, established a policy of the Baltimore County Police Department that encouraged, acquiesced and/or approved of the acts of the Defendant Laboard and Laboard's use of excessive and deadly force when effectuating an arrest and this policy of allowing, encouraging and/or approving the use of excessive and deadly force by the Defendant Laboard, resulted in Plaintiff's Decedent, "CB," victimized by Laboard's use of excessive and deadly force.

84. That as a direct result of the willful, malicious and reckless acts/or omissions of Defendant Johnson, Plaintiff's Decedent, "CB," was savagely beaten, falsely arrested, falsely imprisoned, placed in an improper choke hold, and choked to death by Laboard with no pity or remorse.

85. The Plaintiff claims damages for the injuries set forth above.

## TWELFTF CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Systemic Claim Against Baltimore County)

86. That the allegations in Paragraphs 1-85 are hereby re-alleged and incorporated by reference as though fully set forth herein.

87. Defendant Baltimore County by and through its police department and their various officers, are responsible for establishing the policies, procedures, customs and usages complained herein.

88. Defendant Baltimore County had an obligation and duty to protect its citizens and the Plaintiff's Decedent/victim, "CB," to ensure equal protection under the law and to properly

train, supervise and discipline BCPD police officers, including, Laboard, regarding the use of deadly force while effectuating an arrests.

89. Defendant Baltimore County had a duty to establish a citizen complaint process to review, identify, investigate and discipline, when appropriate, BCPD Police Officers, who are involved in wrongful conduct including, but not limited to police brutality, abusive language, excessive and/or unreasonable force.

90. Defendant Baltimore County has acted with reckless disregard for the consequences and failed to train and supervise defendant Laboard, in the application of deadly force, and such lack of training and supervision proximately caused the death of "CB."

91. Defendant Baltimore County, through its practices, polices and customs has acted with willful indifference and reckless disregard for the rights and safety of "CB," failed to adequately accept, review, investigate and follow-up on formal complaints that were either received by Baltimore County, and/or denied the general public the ability to complete a complaint, and, those complaints actually received, used for retaliation/targeting purposes.

92. On information and belief it is believed that Defendant Baltimore County knew, or would have known through using due diligence of defendant, Laboard's tendency to use excessive force, yet refused to adequately discipline, monitor, take seriously any citizens' complaints made against Laboard and intervene as necessary and appropriate.

93. These actions and/or omissions by Baltimore County by its agents, representatives, BCPD, various agencies and policy-making officials, have demonstrated callous indifference to the rights of "CB" and other members of the general public who were injured, had their civil rights violated and/or damaged as a result of police misconduct; that such consequences were reasonably foreseeable. The failure to train and to subsequently fail to investigate and discipline Laboard, reflects a deliberate and conscious choice by Baltimore County.

94. That the acts and conduct committed under color of law, constitute an unlawful use of police power in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

95. That despite its knowledge of said acts, complaints, policies and procedures, defendants Baltimore County, Johnson and the BCPD did not taken steps to eradicate the tendency of defendant Laboard, to use excessive and/or deadly force when effectuating investigations and/or arrests of young African-American male citizens of Baltimore County, Maryland.

96. That the recited acts of the Defendants, and each of them complained of above, were committed against the Plaintiff's Decedent/victim, "CB," solely because of his race, *to wit*, African-American.

97. That as a direct and proximate cause of the acts omissions, and conduct of defendants, Laboard, Johnson, Baltimore County, and the BCPD in violation of 42 U.S.C. § 1983, "CB" suffered personal injuries, severe emotional distress, mental anguish, pain and suffering, before he was killed by Laboard.

98. Prior to June 13, 2012, defendant Baltimore County acting at the behest of and in close conjunction with the BCPD has developed arid maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Mr. Brown's rights

99. On information and belief, it is believed that it was the policy and/or custom of Baltimore County to investigate inadequately and improperly civilian complaints of police misconduct and to punish inadequately those complaints which were substantiated. Instead, acts of misconduct were tolerated by Baltimore County.

100. On information and belief it is believed that Baltimore County has been on notice for more than a generation that brutality within the BCPD is widespread and that particular reforms

need to be implemented.

101. These policies operate to insulate police officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference to that obvious and widely known effect.

102. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens such as Mr. Brown and the need for more or different training and discipline are policies, practices and customs of Baltimore County and have caused police officers, including, Laboard, to believe that they can violate the rights of citizens with impunity, and that their fellow officers would conceal such conduct, including swearing falsely and committing perjury, all with the foreseeable result that officers will violate the constitutional rights of citizens.

103. The culture of silence and dishonesty concerning police misconduct exists because of, rather than despite, the efforts of Baltimore County.

104. As a direct and proximate result of Baltimore County's and the BCPD's policies and their deliberate indifference, defendant Laboard violated Mr. Brown's constitutional rights for which he suffered substantial damages.

105. The Plaintiff claims damages for the injuries set forth above.

## THIRTEENTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Conspiracy Between Baltimore County and the BCPD)

106. The allegations in Paragraphs 1-105 are hereby re-alleged and incorporated by reference as though fully set forth herein.

107. On information and belief it is believed acting jointly over a period of many years, Baltimore County and BCPD together established policies and customs which allow even the most brazenly brutal police officers, like Laboard, to believe that they can use excessive force with impunity. This conspiracy between Baltimore County and the BCPD is ultimately responsible for,

and the proximate and direct cause of the violation of Decedent Brown's rights and his untimely death.

108. The Plaintiff claims damages for the injuries set forth above.

## FOURTEENTH CLAIM FOR RELIEF
### (Pendant State Claim Under Article 24 of the Maryland Declaration of Rights)

109. The allegations in Paragraphs 1-108 are hereby re-alleged and incorporated by reference as though fully set forth herein.

110. That on June 13, 2012, while "CB" was outdoors walking at or near the 3700 block of Susanna Drive, Randallstown, Baltimore County, Maryland, defendant Laboard, while acting within the scope of his employment, and in furtherance of the governmental purposes of defendants Baltimore County, and BCPD, by the direct use of force or threats to employ force, and by the false assertion of lawful authority and legal basis, forcibly and violently deprived "CB" of his right to enjoy the life, liberties, privileges, immunities and due process of law guaranteed to "CB" under Article 24 of the Maryland Declaration of Rights.

111. Mr. Brown did not violate any federal, state, or local laws.

112. Mr. Brown did not voluntarily consent to any deprivation of any his rights under Article 24 of the Maryland Declaration of Rights.

113. As a direct and proximate cause of the violation of Mr. Brown's constitutional rights by Laboard, "CB," suffered substantial personal injuries, medical bills, funeral bills, pain and suffering, mental anguish, public humiliation, disgrace, extreme embarrassment, and great indignities.

114. The Plaintiff claims damages for the injuries set forth above.

## FIFTEENTH CLAIM FOR RELIEF
### (Pendant State Claim Under Article 26 of the Maryland Declaration of Rights)

115. The allegations in Paragraphs 1-114 are hereby re-alleged and incorporated by

reference as though fully set forth herein.

116.     That on June 13, 2012, while "CB" was outdoors walking at or near the 3700 block of Susanna Drive, Randallstown, Baltimore County, Maryland, defendant Laboard, while acting within the scope of his employment, and in furtherance of the governmental purposes of defendants Baltimore County, and BCPD, by the direct use of force or threats to employ force, and by the false assertion of having lawful authority and probable cause, forcibly and violently deprived "CB" of his right to enjoy life, liberties, privileges, immunities and due process of law guaranteed to "CB" under Article 26 of the Maryland Declaration of Rights.

117.     The seizure of Mr. Brown's body was not based upon probable cause and constituted an unreasonable search and seizure in violation of Article 26 of the Maryland Declaration of Rights.

118.     "CB" did not violate any federal, state, or local law.

119.     That "CB" did not voluntarily consent to any deprivation of any his rights under Article 26 the Maryland Declaration of Rights.

120.     That as a direct and proximate cause of the violation of Mr. Brown's rights under Article 26 of the Maryland Declaration of Rights, "CB," was killed, suffered substantial personal injuries, incurred funeral bills, medical bills, pain and suffering, mental anguish, public humiliation, disgrace, extreme embarrassment, and great indignities.

**SIXTEETH CLAIM FOR RELIEF**
**(Pendant Claims for Negligence and Gross Negligence)**

121.     The allegations in Paragraphs 1-119 are hereby re-alleged and incorporated by reference as though fully set forth herein.

122.     On information and belief it is believed that defendants Laboard, Johnson, Baltimore County and the BCPD have been grossly negligent and negligent in the supervision, training, and monitoring of their representatives who consult with and counsel police officers who are suspected

of crimes and misconduct, and police officers who are witnesses to crimes and misconduct by their fellow officers.

123.    By virtue of the unique public safety considerations implicated by police violence, its pivotal role in the official investigation of police misconduct, defendants Baltimore County and the BCPD owed a duty to "CB" and to the general public to make sure that BCPD police officer and their agents, who are also police officers, did not violate their duties as police officers to report crimes and misconduct by fellow officers.

124.    Baltimore County, the BCPD and defendant Johnson knew or should have known that their policies and practices, as well as their grossly negligent and negligent supervision and training of BCPD police officers, created an atmosphere where the most violent police officers felt assured that their most brazen acts of misconduct would not be swiftly and effectively investigated and prosecuted.

125.    The mistreatment and torture of "CB" previously set forth, and the subsequent cover up of those events was the reasonably foreseeable result of Baltimore County, the BCPD and defendant Johnson's negligent conduct.

126.    The Plaintiff claims damages for the injuries set forth above.

## SEVETEETH CLAIM FOR RELIEF
### (Pendant Claims for Assault and Battery)

127.    The allegations in Paragraphs 1-126 are hereby re-alleged and incorporated by reference as though fully set forth herein.

1284.    Defendant Laboard committed atrocious acts of battery against "CB," which included, but may not be limited to, making threats to use force, battering, beating "CB" about the face and body without probable cause and then choking "CB" to death.

129.    This use of physical force against "CB" was unnecessary and excessive.

130.     Baltimore County is responsible for the threats and the excessive and unnecessary physical force used by defendant Laboard, because the misconduct occurred while he was acting in the scope of his employment, specifically during the course of detaining and arresting "CB."

131.     As a result of the threats and the excessive and unnecessary physical force used against him, "CB" suffered severe and serious physical and mental injuries.

132.     The Plaintiff claims damages for the injuries set forth above.

## EIGHTEETH CLAIM FOR RELIEF
### (Pendant Claims for False Arrest and False Imprisonment)

133.     The allegations in Paragraphs 1-132 are hereby re-alleged and incorporated by reference as though fully set forth herein.

134.     "CB" was wrongfully, unlawfully, and unjustifiably arrested, detained and deprived of his liberty against his will, and was imprisoned by defendant Laboard.

135.     As a result of being falsely arrested and falsely imprisoned, "CB" suffered severe and serious physical and mental injuries.

136.     The Plaintiff claims damages for the injuries set forth above.

## NINETEETH CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Pendant Claim By Chris S. Brown)

137.     The allegations in Paragraphs 1-136 are hereby re-alleged and incorporated by reference as though fully set forth herein.

138.     At all times relevant, Chris S. Brown was/is the natural mother of "CB," and, as such, was and is entitled to the comfort, enjoyment, society and services of her son.

139.     By virtue of the foregoing conduct committed by defendants under color of law, Chris S. Brown was deprived of the right to have the comfort, enjoyment, services and society of her son, "CB," which are guaranteed to Plaintiff under the laws and constitution of the State of

Maryland; and this claim can be adjudicated in this lawsuit under the Court's supplementary jurisdiction.

140.     The Plaintiff claims damages for the injuries set forth above.

## TWENTITH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

141.     The allegations in Paragraphs 1-140 are hereby re-alleged and incorporated by reference as though fully set forth herein.

142.     Defendants Laboard, Johnson, Baltimore County, and the BCPD's actions under color of law exceeded all bounds of decency tolerated by society that their actions were extreme and outrageous, and were of such a nature which was calculated to cause serious mental distress and did cause such distress to the Plaintiff, Chris S. Brown.   The defendants acted with reckless disregard of the ages and gender of the Plaintiff's Decedent/victim, "CB," who posed no threat of harm, and continually exerted excessive force by beating, physically overpowering before killing "CB," as he tried to plead for life that the excessive application of deadly force would be abated.

143.     That as a direct and proximate cause of defendants' extreme and outrageous conduct, the Plaintiff, Chris S. Brown, suffered personal injuries, severe emotional distress, mental anguish and pain and suffering.

**WHEREFORE**, the Plaintiff, Chris S. Brown, request the following relief, jointly and severally against all of defendants:

a.     Award compensatory damages in an amount to be determined at trial;

b.     Award punitive damages in an amount to be determined at trial;

c.     Award equitable relief against the BCPD;

d.     Award disbursements, costs, and attorneys' fees; and

e.     Such other and further relief in favor of the Plaintiff as the Court may deem appropriate.

Respectfully Submitted,

THE LAW OFFICES OF RUSSELL A
NEVERDON, SR., LLC

By:

_____/S/_____

Russell A. Neverdon, Sr., Esq.
Fed. Bar ID No. 25949
711 Saint Paul Street
Ground Floor Suite
Baltimore, MD 21202
(410) 235-2184

***Attorneys for the Plaintiff***
*Chris S. Brown*

**IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

ooOoo

CHRIS S. BROWN, Individually and as the Mother and     *
Next Friend of CHRISTOPHER BROWN
3947 Carthage Road     *
Randallstown, MD 21133,

    *

*Plaintiff,*     *

      *v.*     *

P/O JAMES DAVID LABOARD, #4813     *
Individually and in his Official Capacity as a
Baltimore County Police Officer,
3900 SUSANNA ROAD     *      JUDGE:
RANDALLSTOWN, MD 21133,

    *

CHIEF OF POLICE JAMES JOHNSON,
In Individually and his Official Capacity as Chief of     *
Police, Baltimore County Police Department
Public Safety Building     *      CIVIL ACTION NO.:
700 Joppa Road
Towson, MD 21204,     *

BALTIMORE COUNTY, MARYLAND     *
Historic Courthouse
400 Washington Avenue     *
Towson, MD 21204,

    *

     <u>SERVE ON</u>:
     HON. MICHAEL E. FIELD, County Attorney     *
     Historic Courthouse
     400 Washington Avenue     *
     Towson, MD 21204,

    *

and     *

BALTIMORE COUNTY POLICE DEPARTMENT,
Public Safety Building     *
700 East Joppa Road
Towson, MD 21204,     *

SERVE ON:                                          *
HON. MICHAEL E. FIELD, County Attorney
Historic Courthouse                                *
400 Washington Avenue
Towson, MD 21204,                                  *

    *Defendants.*                                 *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **REQUEST FOR JURY TRIAL**

The Plaintiff respectfully requests a Jury Trial in this matter.

                           Respectfully Submitted,

                           THE LAW OFFICES OF RUSSELL A
                           NEVERDON, SR., LLC

By:

                         _____/S/_____

                         Russell A. Neverdon, Sr., Esq.
                         Fed. Bar ID No. 25949
                         711 Saint Paul Street
                         Ground Floor Suite
                         Baltimore, MD 21202
                         (410) 235-2184

                         ***Attorneys for the Plaintiff***
                         *Chris S. Brown*

                         ***Attorneys for the Plaintiff***
                         *Chris S. Brown*